# EXHIBIT D



| **Orlando Office** | **New York Office** | **New Jersey Office** |
|---|---|---|
| 1800 Pembrook Drive | 5 Penn Plaza | 33 Wood Avenue South |
| Suite 300 | 23rd Floor | Suite 600 |
| Orlando, FL 32810 | New York, NY 100001 | Iselin, New Jersey 08830 |
| 321-341-9565 | 212-835-1500 | 732-549-8000 |

*Sender's Email Address:*
MSemanie@SemanieLaw.com

November 20, 2024

CDK Global
Attn: Legal Department
1950 Hassell Road
Hoffman Estates, IL 60169

Re:   Action Nissan, Inc. v. CDK Global, LLC

Sir or Madam:

This law firm has the pleasure of representing Action Nissan, Inc. d/b/a Universal Nissan, Universal Hyundai, and Universal Genesis (collectively, "**Universal**") in regard to the above referenced matter.  As such, please direct any and all future communications in regard to this matter to the undersigned.

Universal operates franchised motor vehicle dealerships in Orlando, Florida.  As you know, Universal has been a CDK DMS and CRM customer for many years.  Recently, Universal elected to convert from CDK to Tekion.  In furtherance of that conversion, CDK provided Universal with a "Final Obligations Letter" on August 28, 2024, in which CDK described all purported remaining contractual obligations that Universal owed to CDK, along with current and future accounts receivable.  One such obligation was payment through the end of the term, which was received by CDK on August 30, 2024.

On September 3, 2024, Universal reached out to CDK's representative, Sandy Smart, asking her to confirm receipt of the payment.  Ms. Smart ignored that communication.  Universal reached out again on September 4, 2024, and Ms. Smart responded on September 5, 2024, to confirm CDK's receipt of payment from Universal. Despite the foregoing, CDK refused to release Universal's data as requested by Universal.  Instead, on September 24, 2024, Ms. Smart advised Universal that despite payment having already been made in full, CDK refused to release Universal's data to Universal.  The purported reason for commandeering Universal's data was because the official termination date with CDK was November 30, 2024, and CDK would not

release the data until 30 days prior to the termination date, regardless of payment already being made in full.

Setting aside for a moment the myriad issues related to this refusal, Universal pushed back its conversion to Tekion as a result of CDK's actions. Universal then converted to Tekion on November 12, 2024. However, CDK still refused to provide Universal with its own CRM (eLead) data. More specifically, now that CDK had Universal's payment, CDK has refused to respond to Universal's requests for its data.

On October 22, 2024, CDK Executive Vice President Scott Herbers signed two statements of work ("SOW's") confirming that CDK would extract and send Universal its data stored in CDK's eLead CRM "ASAP." Again, all payments for such extraction were promptly made by Universal to CDK. On October 30, 2024, Universal created a ticket with CDK (as advised by CDK) for the extraction of Universal's CRM data.

As CDK has not extracted Universal's CRM data by November 15, 2024, Universal reached out to CDK to request an update. CDK representative, Christian Gonzalez, responded that "We are searching for an answer for you. Will get back to you before end [sic] of day." When Universal followed up later that day, Mr. Gonzalez only responded that "Unfortunately, I am still awaiting a response from the data extraction team regarding your request. As soon as I receive an update, I will get back to you with the latest information." This second delay in converting to Tekion due to CDK's actions caused Universal significant damages.

On November 18, 2024, Mr. Gonzalez responded to another request for a status update, only to advise that "Unfortunately, I have been unable to find a specific answer to your request regarding the data extraction process." By November 20, 2024, Universal had been waiting three weeks for CDK to honor its commitment to provide Universal with its own data. Universal reached out multiple times to everyone at CDK who had been involved in this matter, but not a single person from CDK even responded.

At this point, Universal has no choice but to seek legal remedies. Indeed, in light of the recent developments in Asbury's case against CDK for refusing to provide data, and in other cases that this office has handled with very similar facts, it is clear that this is not an isolated incident, and that CDK's actions are being undertaken for a wholly improper purpose.

Based on the foregoing, demand is hereby made upon CDK to immediately cease and desist its unlawful withholding of Universal's data, and immediately provide such extracted CRM data as agreed. While Universal has no independent desire to file suit against CDK, it can no longer continue to suffer significant damages as a result of CDK's misconduct. Accordingly, in order to avoid litigation, please provide Universal with its extracted CRM data by no later than the end of business on **November 21, 2024**.

Demand is further made upon CDK and its affiliates and subsidiaries, pursuant to § 627.4137, Florida Statutes, to disclose to the undersigned the name and coverage of each known insurer who does or may provide liability insurance coverage to pay all, or a portion of all claims

related to the above matter. Moreover, demand is hereby made pursuant to the same authority to forward this request to all such insurers who shall, within 30 days of receipt of this request, provide a statement under oath of a corporate officer or the insurer's claims manager or superintendent setting forth the following information with regard to each known policy of insurance, including excess or umbrella insurance:

(a) The name of the insurer.
(b) The name of each insured.
(c) The limits of the liability coverage.
(d) A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement.
(e) A copy of the policy.

Please also be advised that, based upon the foregoing, CDK now has a duty to preserve, and not destroy, conceal, or alter, any and all documents, tangible things and electronically stored information potentially relevant to the issues in this case (collectively, the "**Evidence**"). This duty not only applies to CDK, but also extends to any agents, representatives, affiliated companies, predecessors, successors, subsidiaries, or divisions, and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions (collectively, the "**Obligated Parties**"). The above lists of Obligated Parties and Evidence are not intended to be exhaustive, but are merely intended to serve as an illustration of the scope of your preservation obligations now that litigation is reasonably foreseeable.

Consistent with this duty to preserve Evidence, the Obligated Parties may not destroy, conceal, or alter any paper or electronic files or any other electronically generated or stored information on computers or storage media that the obligated parties may have in their possession, custody, or control that may be related to this matter. This includes any and all information stored on mobile devices, social media websites or applications, web hosting servers, and other third party computer, information technology, and software providers.

The Obligated Parties' failure or refusal to comply with their duty to preserve Evidence may constitute a "spoliation of evidence," which may subject CDK to sanctions by the court. In the event of a dispute arising out of the Obligated Parties' failure or refusal to preserve Evidence, we may rely on this letter in court as evidence of our request and notice of CDK's preservation obligations.

This letter is not intended as a full recitation of the facts, nor a complete review of applicable law. The matters described herein are intended for settlement purposes only, and are therefore deemed confidential. Nothing contained in or omitted from this letter is or shall be construed to be a limitation, restriction, or waiver of any of Universal's rights and remedies, either at law or in equity, in connection with any of the matters raised herein, all of which are expressly reserved.

     I anticipate and appreciate your prompt attention to this matter. If you have any questions about the foregoing, or if there is anything that you would like to discuss, please feel free to contact me at your convenience. If we do not hear from you by November 21, 2024, we will presume that you are not interested in attempting to amicably resolve this matter without judicial intervention and we will proceed accordingly.

     Sincerely,

     */s/ Michael A. Semanie*
     Michael A. Semanie

cc:    Christian Gonzalez (christian.gonzalez@cdk.com)
       Hobie Harris (Hobie.Harris@cdk.com)
       Jim Verity (Jim.Verity@cdk.com)
       Harrison Steel (Harrison.Steel@cdk.com)
       Sandy Smart (Sandy.Smart@cdk.com)
       Scott Herbers (Scott.Herbers@cdk.com)
       Cameron Williams (Cam.Williams@cdk.com)