1  TYLER G. NEWBY (CSB No. 205790)
   tnewby@fenwick.com
2  ARMEN N. NERCESSIAN (CSB No. 284906)
   anercessian@fenwick.com
3  FENWICK & WEST LLP
   555 California Street, 12th Floor
4  San Francisco, CA  94104
   Telephone:     415.875.2300
5  Facsimile:     415.281.1350

6  ERICA R. SUTTER (CSB No. 309182)
   esutter@fenwick.com
7  ADAM GAHTAN (admitted *pro hac vice*)
   agahtan@fenwick.com
8  CORTNAY-BETH CYMROT (admitted *pro hac vice*)
   ccymrot@fenwick.com
9  FENWICK & WEST LLP
   902 Broadway, Floor 18
10 New York, NY  10010-6035
   Telephone:     212.430.2600
11 Attorneys for TEKION CORP.

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                      SAN FRANCISCO DIVISION

16  TEKION CORP.,                         Case No.: 3:24-cv-08879-JSC

17              Plaintiff,

18       v.

19  CDK GLOBAL, LLC,

20              Defendant.

21  CDK GLOBAL, LLC,                      Case No.: 3:25-cv-01394-JSC

22              Plaintiff,                **DECLARATION OF ARMEN
                                          NERCESSIAN IN SUPPORT OF
23       v.                               [PROPOSED] STIPULATED
                                          PROTECTIVE ORDER**
24  TEKION CORP. and INDESIGN DATA, LLC,
                                          Judge: Honorable Jacqueline Scott Corley
25              Defendants.

26

27

28

NERCESSIAN DECLARATION ISO                            Case No.: 3:24-cv-08879-JSC
[PROPOSED] STIP. PROT. ORDER                          Case No.: 3:25-cv-01394-JSC

FENWICK & WEST LLP
ATTORNEYS AT LAW

I, ARMEN N. NERCESSIAN, declare as follows:

1.      I am an attorney duly licensed to practice in the state of California and admitted to practice before this Court.  I am an associate at the law firm Fenwick & West LLP, counsel of record for Tekion Corp.  I submit this declaration in support of the [Proposed] Stipulated Protective Order in the related cases *CDK Global, LLC v. Tekion Corp. and InDesign Data, LLC*, Case No. 25-01394-JSC, and *Tekion Corp. v. CDK Global, LLC*, Case No. 24-08879-JSC.  I make this declaration based on my own personal knowledge and could competently testify to the statements if I were called upon to do so.

2.      The Court's Standing Order provides that "[p]arties who seek a protective order or order regarding discovery of electronically stored information ('ESI') must, when practicable, use one of the model stipulated orders" available on the District's website.  It further provides that the "[p]arties must file one of the following with any proposed protective order or order regarding discovery of ESI: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable."

3.      The Parties' proposed Protective Order is based on this District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model Order").  In accordance with the Court's Standing Order, the Parties submit the Protective Order, this declaration explaining each modification to the Model Order, and a redline identifying modifications to the Model Order (attached as **Exhibit A** to this declaration).

4.      **Section 2.6:**  The Parties modified this section to allow "Experts" not to exclude past, current, or anticipated employees of a Party or a Party's competitor.

5.      **Section 5.1:**  The Parties made a streamlining deletion of language in the Model Order that does not materially impact the process for designating protected material.

FENWICK & WEST LLP
ATTORNEYS AT LAW

6. **Section 5.2(a):** The Parties modified this section to clarify the manner in which natively produced documents should be designated as "Confidential" or "Highly Confidential" in accordance with the Protective Order.

7. **Section 5.2(b):** The Parties removed the provision in this section requiring the Parties to designate deposition testimony for protection under the Protective Order on the record. The Parties further modified this section to provide for up to 21 days after receipt of a final deposition transcript for the Parties to designate testimony for protection under the Protective Order. In the experience of counsel, designating testimony on the record is inefficient.

8. **Section 6.1:** The Parties modified this section to clarify that any challenges to confidentiality designations must be made in good faith, to prevent use of challenges to create unnecessary and unjustified burdens.

9. **Section 7.1:** The Parties modified this section to include a provision allowing for the sharing of discovery taken in the two related cases, *Tekion Corp. v. CDK Global, LLC* (3:24-cv-08879-JSC) and *CDK Global, LLC v. Tekion Corp.* (3:25-cv-1394-JSC), in order to maximize efficiencies in conducting discovery.

10. **Sections 7.2(a), 7.3(a):** The Parties modified these sections to eliminate a requirement that the Parties' Outside Counsel of Record (and the employees and agents of those Outside Counsel of Record) must sign an "Acknowledgement and Agreement to Be Bound" in order to review documents designated "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" under the Protective Order.

11. **Sections 7.2(c):** The Parties introduced the distinction between an entity party and a natural-person party and modified this section to clarify that a natural-person Receiving Party who has signed the "Acknowledgement and Agreement to Be Bound," may review documents designated "Confidential" under the Protective Order.

12. **Section 7.2(f):** The Parties modified this section to allow mock jurors to whom disclosure is reasonably necessary, and who have signed the "Acknowledgement and Agreement to Be Bound" to review documents designated "Confidential" under the Protective Order.

FENWICK & WEST LLP
ATTORNEYS AT LAW

13.     **Section 7.2(g):**  The Parties modified this section to remove a requirement that pages of transcribed deposition testimony or depositions that reveal Protected Material must be separately bound by the court reporter because, in counsel's experience, this requirement creates inefficiencies.

14.     **Section 7.3(b):**  The Parties modified this section to remove a limitation that only House Counsel without "involvement in competitive decision-making" may review certain documents subject to the Protective Order, given the nature of the relationship between Parties.

15.     **Section 7.3(f):**  The Parties added this section to allow witnesses to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" to review documents designated "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" during their depositions.

16.     **Section 7.3(g):**  The Parties modified this section to clarify that the Receiving Party may disclose documents designated "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" by the Producing Party to employees of the Producing Party.

17.     **Section 7.4:**  The Parties removed the required disclosure pertaining to House Counsel before the Receiving Party may share "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" documents with House Counsel.  The Parties further modified this section such that a Receiving Party seeking to disclose a Producing Party's "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" documents to an expert need not identify the categories of documents they seek to disclose, because in counsels' experience that is burdensome and may invade attorney work product protection.

18.     **Section 13.3:**  The Parties added a non-substantive clarifying edit that does not materially impact the process for filing protected material.

19.     **Section 14:**  The Parties modified this section to clarify that it is in the Receiving Party's discretion whether to return all Protected Material to the Producing Party or destroy such material after final disposition.

20.     **Sections 12 & 15:**  The Parties modified the Model Order to include a Rule 502(d) Order to provide the maximum protection allowed by Rule 502(d), as contemplated by this

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   District's ESI guidelines.  Under this agreement, the production of these materials does not

2   constitute a waiver of privilege in the current litigation or any other proceeding.  A party may assert

3   a clawback requesting the return, destruction, or sequestration of inadvertently produced materials.

4   If the receiving party challenges the privilege claim, they must sequester the material and engage

5   in a meet-and-confer process.  If unresolved, the matter may be brought before the Court, with strict

6   limitations on the use of the challenged material solely for the motion.

7          21.     The remaining provisions of the Protective Order are identical to the Model Order

8   except for the addition of case-identifying information, the elimination of language denoted as

9   optional, the adoption of language denoted as "Alternative," and the renumbering of sections to

10  account for these edits.

11         I declare under penalty of perjury under the laws of the United States that the foregoing is

12  true and correct.

13

14  Executed on:  April 16, 2025              _/s/ Armen N. Nercessian_____
                                            Armen N. Nercessian
15

16

17

18

19

20

21

22

23

24

25

26

27

28