TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
ARMEN N. NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

ADAM GAHTAN (admitted *pro hac vice*)
agahtan@fenwick.com
CORTNAY-BETH CYMROT (admitted *pro hac vice*)
ccymrot@fenwick.com
FENWICK & WEST LLP
902 Broadway, Suite 18
New York, NY 10010-6035
Telephone:     212.430.2600

Attorneys for Plaintiff
TEKION CORP.

FENWICK & WEST LLP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| TEKION CORP., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CDK GLOBAL, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: 3:24-cv-08879-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Date:         June 26, 2025<br>Time:        10:00 a.m.<br>Court:       8, 19th Floor<br>Judge:      Hon. Jacqueline Scott Corley<br>Trial Date:  None |

FENWICK & WEST LLP

## JOINT CASE MANAGEMENT STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f)(2), Civil Local Rule 16-9(a), and the Court's Case Management Order Dkt. 5,[1] counsel for Plaintiff Tekion Corp. ("Tekion" or "Plaintiff") and Defendant CDK Global, LLC ("CDK" or "Defendant"), have met and conferred and respectfully submit this Joint Case Management Statement and Rule 26(f) Report in advance of the Initial Case Management Conference on June 26, 2025.  Counsel for the parties conferred concerning the topics set forth in Rule 26(f), the Northern District of California Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information and Guidelines for the Discovery of Electronically Stored Information, and the Standing Order for All Judges of the Northern District of California—Contents of Joint Case Management Statement (updated November 30, 2023).

Tekion objects to CDK's inclusion of extended argument in this statement.  In Tekion's view, such material exceeds the scope specified in the Court's Standing Order on Contents of a Joint Case Management Statement.  Tekion will therefore not respond in kind, but it will be prepared to discuss all issues at the case management conference.

### 1.    Jurisdiction and Service

Tekion asserts that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 15, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Tekion asserts that this Court has supplemental jurisdiction over Tekion's asserted California state law claims because they are transactionally related to, and factually interdependent with, those arising under federal antitrust law and the Federal Declaratory Judgment Act.

CDK contends that because Tekion has failed to state a Sherman Act claim on which relief can be granted, upon dismissal of the only federal claims conferring subject matter jurisdiction, the Court should decline to exercise its discretionary remedial power under the Declaratory Judgment Act as well as its discretionary supplemental jurisdiction over the state claims. There are no issues

---

[1] The Court subsequently reset the due date of the Joint Case Management Statement to June 18, 2025.

FENWICK & WEST LLP

1   pending regarding personal jurisdiction, and CDK does not plan to contest venue in this District.

2   CDK, the only defendant, has been served.

3   **2.      Facts**

4       <u>Tekion's Statement</u>:  Tekion incorporates by reference the factual allegations set forth in its

5   Complaint (Dkt. 1).  Tekion and CDK compete in the market for dealer management system

6   ("DMS") software for franchise (new car) auto dealerships ("dealerships").  A DMS is critical to

7   dealerships' business operations.  A DMS enables dealerships to manage sales, service, inventory,

8   customers, appointments, payroll, finance, mandatory legal and contractual disclosures,

9   communications with car manufacturers, and many other essential functions.  Dealerships use a

10  DMS to store and process their own data, which consists of a complete set of information about the

11  dealer's past transactions and current affairs.  The DMS provider integrates the dealerships' data

12  and other third-party data into the DMS for the dealer's benefit.  The provider is the data's steward,

13  but the dealer owns and must have ready access to it (in some states, by statute).  Because the switch

14  from one DMS to a new DMS must happen effectively instantly, dealerships must obtain a copy of

15  their data from their existing DMS sufficiently in advance of the switch for the new provider to

16  validate the data in its system and ensure its interoperability with other systems and entities (e.g.,

17  car makers).

18      Industry incumbent CDK is a monopolist in the franchise DMS market.  Tekion is a new

19  entrant to the franchise DMS market.  Tekion was founded in 2016 and launched its fully cloud-

20  native DMS in 2020.  Tekion's DMS is lower cost and technologically superior to CDK's DMS.

21  Because CDK cannot compete on quality, it has engaged in a pattern of anticompetitive conduct

22  that delays or prevents dealers from evaluating and switching to a competitor's franchise DMS.  As

23  detailed in Tekion's Complaint, CDK impedes or denies a dealer's access to its own data, forcing

24  the dealer to choose between staying with CDK or risking loss of access to its data and DMS.

25  CDK's tactics range from pretextual restrictions on dealer access to meritless litigation.  One

26  dealership group even had to sue CDK to obtain injunctive relief to access its data to conduct a trial

27  of Tekion's DMS.  CDK's anticompetitive conduct has caused material harm to the marketplace,

28  has interfered with Tekion's contracts with dealerships, and has inflicted substantial injuries upon

1  Tekion in violation of federal antitrust laws and California law.

2       CDK's Statement:  Through its meritless alleged antitrust claims, Tekion attempts to create

3  a competitive advantage by seeking to force CDK to help Tekion obtain CDK's customers at

4  CDK's expense, on Tekion's preferred timeline, and in contravention of CDK's arms-length,

5  negotiated customer contracts.  The parties' dispute is not the sort that the federal antitrust laws

6  were designed to govern under settled, binding law.  *E.g.*, *Brunswick Corp. v. Pueblo Bowl-O-Mat,*

7  *Inc..*, 429 U.S. 477, 488 (1977) ("The antitrust laws . . . were enacted for 'the protection of

8  competition not competitors.'" (cleaned up)); *see also FTC v. Qualcomm*, 969 F.3d 974, 997 (9th

9  Cir. 2020) (noting "persuasive policy arguments" against "using the antitrust laws to remedy what

10 are essentially contractual disputes between private parties engaged in the pursuit of technological

11 innovation").

12      As set out in CDK's Motion to Dismiss ("MTD"), Dkt. 23, Tekion has not plausibly alleged

13 a Sherman Act violation. First, Tekion's conclusory allegation that CDK dominates "about 60%"

14 of the franchise auto DMS market—which itself is based solely on an article that supports the MTD

15 and not the Complaint—is insufficient on its face to allege monopoly power under settled law. *E.g.*,

16 Dkt. 1 ¶ 29 & n.10.  Second, Tekion has failed to plausibly allege that CDK has engaged in

17 anticompetitive conduct under any cognizable theory of antitrust liability, instead complaining

18 about CDK's alleged unilateral conduct that would not amount to an antitrust violation even if it

19 were a monopolist (which it is not, as the Seventh Circuit found in *Authenticom, Inc. v. CDK*

20 *Global, LLC*, 874 F.3d 1019, 1022, 1025 (7th Cir. 2017)). And third, Tekion has failed to allege

21 that it has suffered any antitrust injury, rather than quintessential harm to a competitor unprotected

22 by antitrust law.  Because Tekion's alleged monopolization claim fails, so, too, must its remaining

23 alleged antitrust claims, and the Court should decline to exercise jurisdiction over the remaining

24 causes of action.

25      As Tekion acknowledges in its Complaint and above, CDK and Tekion are direct

26 competitors who offer DMS software to franchise auto dealer customers.  Since entering the

27 franchise auto DMS market in 2016, Tekion has quickly gained a foothold in the franchise DMS

28 market and has transitioned over 80 of CDK's franchise auto dealer customers to Tekion's DMS

FENWICK & WEST LLP

platform. *See* Dkt. 1 ¶¶ 7–8, 13, 32–38, 53.  Tekion has been unsatisfied with the time it has taken CDK to transition a handful of its customers' data, pursuant to their validly negotiated contracts, so they can transition to Tekion's DMS.  Tekion wrongly claims in this suit that CDK has engaged in an extra-contractual practice of withholding its franchise dealer customers' data and delaying their transitions to Tekion, allegedly causing Tekion financial harm such as increased costs. Tekion's Complaint and factual statement above references one CDK-turned-Tekion franchise DMS customer, Asbury Automotive, who brought an injunction proceeding against CDK in connection with the parties' contractual data transfer issues. *E.g.*, Dkt. 1 ¶ 12. But the Georgia state court presiding over that case recently rejected Asbury's motion for permanent injunction to "require CDK to transfer Asbury's Client Data for the remaining Asbury Dealerships to Tekion as Asbury requests from time to time," recognizing that "Asbury has not elected to enter the Transition Assistance Period under the MSA and is currently in the second of the two possible one-year Renewal Periods." Order Denying Plaintiff's Mot. for Modified Preliminary Injunction ("Asbury Order") at 1, 2–3, 4, *Asbury Automotive Grp., Inc. v. CDK Glob., LLC*, No. 24-A-04939-3 (Ga. Sup. Ct. June 3, 2025) (internal quotation marks omitted).[2]

According to its own pleadings, Tekion is aware of the general contractual arrangement between CDK and its customers, as Tekion and CDK have worked together in the past to transfer customer data as their customers have migrated back and forth.  *See* Dkt. 1-8 at 2.  But now, Tekion has opted to work around CDK's valid customer contracts and resorted to self-help, bypassing CDK's facilitated data transition process to obtain unauthorized access directly to CDK's DMS software and ultimately forcing CDK to file its own lawsuit against Tekion and third-party InDesign Data, LLC, now pending before this Court. *See CDK Global, LLC v. Tekion Corp.*, No. 3:25-cv-01394 (N.D. Cal.).  In this action, Tekion improperly seeks to use federal antitrust law, and its resulting treble damages, to eviscerate CDK customers' contractual terms and conditions and excuse its own bad conduct.  Because the purpose of federal antitrust law is to protect competition, not competitors, Tekion's antitrust suit is meritless and should be dismissed.

---

[2] CDK is filing contemporaneously with this Report a Statement of Recent Decision alerting the Court to the Georgia court's order denying Asbury's Motion for Modified Preliminary Injunction.

FENWICK & WEST LLP

**3.     Legal Issues**

Tekion's Statement:  Tekion anticipates that the principal legal issues in dispute will include but are not limited to (1) whether CDK possesses market power in the DMS market for franchise dealerships in the United States; (2) whether CDK has engaged in anticompetitive conduct; (3) whether Tekion has suffered a cognizable antitrust injury; (4) whether CDK has tortiously interfered with Tekion's contracts and prospective economic advantage; (5) whether CDK has engaged in unfair business practices in violation of California's Unfair Competition Law; (6) whether Tekion had authorization to help dealers access their own data from CDK's DMS; and (7) whether Tekion can prove its related California state law claims.

CDK's Statement: The specific legal issues in this case will depend on whether Tekion's Complaint survives CDK's pending Motion to Dismiss. At this stage, the legal issues include: (1) whether Tekion can plausibly establish CDK controls a dominant market share sufficiently for monopoly power in the alleged franchise DMS market; (2) whether Tekion's allegations of CDK's purported delay amount to anticompetitive conduct under binding authority; (3) whether Tekion's purported injuries, namely its financial losses, constitute antitrust injury as a matter of law; (4) whether Tekion's attempted monopolization claim must fail for the same reasons that its monopolization claim fails; (5) whether Tekion's alleged Declaratory Judgment Act claim requires this Court to exercise its discretionary remedial powers; and (6) whether the Court should exercise supplemental jurisdiction over Tekion's state law claims without a federal claim anchoring the case.

**4.     Motions**

On February 10, 2025, CDK moved to dismiss Tekion's complaint.  Tekion filed an opposition to CDK's motion to dismiss on March 24, 2025, and CDK filed a reply in further support of its motion on April 7, 2025.  This motion remains pending before the Court.

Tekion anticipates filing a motion for summary judgment.

If any part of Tekion's Complaint survives CDK's pending motion to dismiss, CDK also anticipates filing a motion for summary judgment and, as discussed below, has proposed phased litigation that would allow for an early summary judgment motion on the issue of monopoly power.

FENWICK & WEST LLP

**5.      Amendment of Pleadings**

Tekion has not amended its complaint, and CDK has not yet filed an answer.  Tekion does not anticipate adding any additional parties or claims to its pleading at this time, although discovery and further investigation may warrant amendment of pleadings.  Further, if any portion of CDK's motion to dismiss is granted without prejudice, Tekion anticipates filing an amended complaint.

**6.      Evidence Presentation**

The parties certify that they have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in the case.  The parties are aware of their obligations and have taken reasonable steps to preserve potentially relevant evidence.  The parties are meeting and conferring concerning a protocol for the production of ESI.

**7.      Disclosures**

If the Court denies any portion of CDK's motion to dismiss, the parties will serve Federal Rule of Civil Procedure 26(a) initial disclosures within fourteen days of the Court's ruling.  However, if Tekion files an amended pleading, and CDK again moves to dismiss, the parties will serve initial disclosures fourteen days after any denial of that motion.

**8.      Discovery**

No discovery in this action has been taken to date.

Tekion intends to seek discovery into:

- CDK's share of the DMS market for franchise dealers;

- CDK's efforts to maintain or increase its share of the DMS market for franchise dealers, including by denying dealers access to their own data and discouraging or preventing its franchise dealer customers from evaluating or switching to a different DMS provider;

- CDK's policies and practices related its franchise dealer customers' access to their own data as stored in CDK's DMS, including such access for the purpose of transferring data to a new DMS provider;

- CDK's contracts with its franchise dealer customers;

- CDK's financial records associated with its DMS for franchise dealers;

- CDK's documents and communications about Tekion and other DMS providers;

- CDK's documents and communications about third-party data integrators and CDK's own data integration strategies;

- Harm to competition in the DMS market for franchise dealers caused by CDK's conduct;

- CDK's awareness of Tekion's contracts and prospective economic opportunities, and CDK's efforts to interfere with them; and

- CDK's earliest knowledge of Tekion's data access assistance to franchise dealers.

CDK intends to seek discovery related to at least the following:

- The factual basis for Tekion's market share allegations, including all information related to its understanding and belief about CDK's purported dominant market share;

- The features of Tekion's DMS product, including its price and its purportedly "innovat[ive]" features, as alleged in Tekion's Complaint;

- Tekion's communications with and efforts to transition existing CDK customers to Tekion's DMS during the time alleged in its Complaint;

- Tekion's policies and practices regarding data transition services from its DMS to other DMS providers;

- Tekion's contracts with its franchise DMS customers, including termination and data transition services provisions;

- The factual basis for Tekion's allegations that CDK sought to exclude Tekion from the franchise DMS market through anticompetitive conduct;

- The factual basis for Tekion's allegations that CDK attempted to unlawfully tie its product Roadster to perpetuate an existing monopoly;

- The factual basis for Tekion's allegations relating to barriers to entry in the alleged franchise DMS market;

FENWICK & WEST LLP

- Tekion's alleged injuries, including, but not limited to, the purported delays to Tekion's provision of its DMS to its customers switching from CDK, any delays to planned "Go-Live" dates, its financial losses therefrom, and any other harms it alleges.

Given the breath of issues in this case and the number of third parties involved, the parties agree that each party shall be permitted to take a total of 20 fact depositions, including party and non-party depositions, in this case. The parties acknowledge that some testimony taken in this case will likely be relevant to issues in *CDK Global, LLC v. Tekion Corp.*, No. 25-cv-01394-JSC (N.D. Cal.), which is related to this case under L.R. 3-12 ( "*CDK v. Tekion*"), and the parties will endeavor to avoid reexamining the same witness in both cases (including by further agreement or stipulation as needed). The parties agree that discovery is otherwise governed by the Federal Rules of Civil Procedure. In accordance with the Standing Order of District Judge Jacqueline Scott Corley (revised January 21, 2025), the parties will meet and confer about resolving discovery disputes without court intervention. The parties agree to electronic service.

The parties agree to make rolling productions of documents and to exchange privilege logs within 60 days of the production for which privileged documents were identified. The parties have agreed that communications reflecting attorney advice or work-product related to this litigation and occurring on or after the date this lawsuit was filed are not subject to discovery in this case and need not be logged on any privilege log.

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have met and conferred and agree to separately submit a proposed ESI Protocol.

The Court entered the parties' Stipulated Protective Order on April 16, 2025. Dkt. 39.

## 9.    Class Action

This case is not a class action.

## 10.    Related Cases

Pursuant to Civil L.R. 3-12 and Dkt. 27, *CDK v. Tekion* is related to this case, as it concerns substantially similar parties, property, transactions, or events.

Plaintiff's Statement: Tekion supports consolidation of this case with *CDK v. Tekion*.

<u>CDK's Statement</u>: Given the pending dispositive motions in this matter and *CDK v. Tekion*, consolidation is premature at this time. If either of the pending motions is granted, even if only in part, this will substantially reduce the number of common issues that consolidation would benefit. Once the Court has ruled on the pending motions to dismiss, the parties should confer regarding consolidation.

**11.    Relief**

Tekion seeks monetary relief including:

- compensatory damages according to proof at trial;
- treble damages under 15 U.S.C. § 15(a);
- punitive damages according to proof at trial;
- restitution and disgorgement of any ill-gotten gains or profits obtained by CDK as a result of its unfair and unlawful conduct;
- an award for attorneys' fees and costs under 15 U.S.C. § 26; and
- pre- and post-judgment interest as allowed by law.

Tekion also seeks a declaration under 28 U.S.C. § 2201 that Tekion's provision of assistance to dealerships is migrating from CDK's DMS product to Tekion's does not violate any law.

Tekion also seeks an injunction pursuant to 15 U.S.C. § 26 and Tekion's related state law claims, (i) requiring CDK to provide to Tekion any dealership data needed for a migration within ten (10) calendar days of a dealership's request for it, and (ii) enjoining CDK from engaging in any conduct that interferes with Tekion's contractual and prospective economic relations with Asbury, Doral, Regal, Lou Bachrodt Auto Mall, Universal, and other dealerships that use or intend to switch from CDK's DMS to Tekion's DMS.

CDK notes that a Georgia state court has already rejected Asbury's motion for permanent injunction to "'require CDK to transfer Asbury's Client Data for the remaining Asbury Dealerships' to Tekion as Asbury requests 'from time to time.'" Asbury Order at 1, 4.

FENWICK & WEST LLP

**12.    Settlement and ADR**

The parties conferred regarding the court's ADR processes, and both parties filed the ADR certification pursuant to ADR Local R. 3-5(b) on February 21, 2025.  Dkt. 28 (CDK); Dkt. 31 (Tekion).

**13.    Other References**

The parties do not believe that this case is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

The parties have identified no issues that can be narrowed by agreement or by motion at this time.  The parties are prepared to meet and confer about narrowing potential issues should the circumstances of the case change.

**15.    Scheduling**

The parties have not agreed on a case schedule and propose the competing schedules in the table below.

Tekion's Statement: Tekion's proposed schedule assumes that discovery will open on June 26, 2025, the date of the case management conference and hearing on CDK's motion to dismiss.  If discovery does not open on that date, including because the Court grants CDK's motion to dismiss in whole or in part without prejudice, Tekion would propose a new schedule beginning from the date that the pleadings are settled.

Tekion opposes CDK's proposal to bifurcate fact discovery between "monopoly power" and all other issues.  For one, "monopoly power" is an extremely broad subject, encompassing at a minimum issues such as market share, barriers to entry, and exclusionary conduct.  These issues alone will require significant discovery of the parties and third parties.  Additionally, CDK's proposal wastes—not conserves—resources.  CDK can file an early motion for summary judgment without phased discovery.   And even if CDK obtained summary judgment on Tekion's monopolization claim based on lack of monopoly power, Tekion's attempted monopolization claim would remain, and the case would not be substantially narrowed.  On the other hand, CDK's proposal would lead to delay, inefficiency, duplicative discovery including repeated depositions of

FENWICK & WEST LLP

FENWICK & WEST LLP

1    witnesses with knowledge of more than one issue, and discovery disputes about the proper phase

2    of discovery for each document request, interrogatory, and deposition topic.

3          CDK's Statement: The allegations in Tekion's Complaint make clear that there is a

4    threshold, dispositive issue concerning CDK's alleged monopoly power.  If the Court denies CDK's

5    pending motion to dismiss, CDK proposes a phased case schedule that would allow the Court to

6    resolve this dispositive issue early in the case, before the parties expend significant resources

7    relating to other legal issues and determine the scope of its own jurisdiction over this action.

8    Tekion's claim that phased discovery and motion practice on this issue would fail to narrow the

9    issues is wrong as a matter of law because CDK's alleged monopoly power is central to both

10   monopolization and attempted monopolization under the Sherman Act—the only antitrust claims

11   Tekion alleges.  *See, e.g.*, *Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 542 (9th Cir.

12   1991); *Transamerica Comp. Co. v. Int'l Bus. Machines Corp.*, 698 F.2d 1377, 1382 (9th Cir. 1983).

13   Thus, CDK's proposal saves—rather than wastes—judicial and party resources by focusing

14   discovery on a dispositive issue before opening general discovery—and attendant additional costs.

15   CDK's proposed schedule below contemplates this bifurcated discovery, which would enable CDK

16   to file an early summary judgment motion on this issue.  After the Court's ruling on summary

17   judgment on this issue, if any of Tekion's federal claims remain, CDK proposes further scheduling

18   of proceedings on remaining issues and determination of a trial date, if necessary, through further

19   Case Management Conferences.

| Event | Tekion's Proposed Dates | CDK's Proposed Dates |
|---|---|---|
| Discovery Commencement Date | June 26, 2025 | Upon denial of CDK's motion to dismiss. |
| Fact Discovery Cutoff | April 27, 2026 | 90 days after the Court denies any CDK motion directed at Tekion's pleadings in its entirety. |
| Opening Expert Reports Deadline (For Party With Burden Of Proof) | June 11, 2026 | 60 days after the close of fact discovery. |

| Event | Tekion's Proposed Dates | CDK's Proposed Dates |
|---|---|---|
| Rebuttal Expert Reports Deadline | July 13, 2026 | 30 days after the submission of the opening expert reports. |
| Reply Expert Reports Deadline | August 12, 2026 | 30 days after the submission of rebuttal expert reports. |
| Expert Discovery Cutoff | September 2, 2026 | 21 days after the submission of reply expert reports. |
| Last Day to File Dispositive Motions | October 2, 2026 | 30 days after the expert discovery cutoff. |
| Dispositive Motions Opposition Deadline<br><br>Last Day for a Party Opposing a Dispositive Motion to Move to Exclude Expert Testimony Used in Other Party's Dispositive Motion | November 13, 2026 | 21 days after the filing of dispositive motions. |
| Dispositive Motions Reply Deadline<br><br>Last Day to File Opposition to Motion to Exclude Expert Testimony Used in Dispositive Motion | December 4, 2026 | 21 days after the filing of opposition briefs of dispositive motions. |
| Last Day to File Reply to Motion to Exclude Expert Testimony Used in Other Party's Dispositive Motion | December 18, 2026 | 14 days after the filing of reply briefs of dispositive motions. |
| Last Day to Hear Dispositive Motions | To be set by the Court. | To be set by the Court. |
| Pre-Trial Conference | To be set by the Court. | To be set by the Court. |
| Trial Date | Three months from the Court's ruling on all dispositive motions. | Three months from the Court's ruling on all dispositive motions. |

**16.     Trial**

Tekion demands a jury trial on all issues so triable.  Tekion expects the trial will require at least 10-12 court days.  CDK currently estimates that trial should be expected to last 7-10 court

FENWICK & WEST LLP

days.

**17.     Disclosure of Non-Party Interested Entities or Persons**

Tekion filed a Certification of Interested Entities or Persons along with the Complaint on December 9, 2024 (Dkt. 3), certifying that there is no interested entity or person, other than the named parties, to report.

CDK filed a Certification of Interested Entities or Persons on January 2, 2025, Dkt. 13, and filed an amended Certification on February 11, 2025, Dkt. 25, in compliance with Civil Local Rule 3-15.

**18.     Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.     Other Matters**

The parties do not at this time raise any other issues that may facilitate the disposition or management of this matter.

FENWICK & WEST LLP

Dated: June 18, 2025                    FENWICK & WEST

By: */s/ Tyler G. Newby*
Tyler G. Newby

*Attorneys for Plaintiff Tekion Corp.*


Dated: June 18, 2025                    By: */s/ Vineet Bhatia*
SUSMAN GODFREY L.L.P.

VINEET BHATIA (Admitted *Pro Hac Vice*)
SHAWN RAYMOND (Admitted *Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
vbhatia@susmangodfrey.com
sraymond@susmangodfrey.com

JESSE-JUSTIN CUEVAS (SBN 307611)
MADELINE YZURDIAGA (SBN 344676)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
jcuevas@susmangodfrey.com
myzurdiaga@susmangodfrey.com

*Attorneys for Defendant CDK Global, LLC*


## CIVIL LOCAL RULE 5-1(i) ATTESTATION

Pursuant to Local Rule 5-1(i)(3), the undersigned attests that concurrence of the foregoing document was obtained from all of its signatories.

*/s/ Tyler G. Newby*

Tyler G. Newby