TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
ARMEN N. NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for TEKION CORP.

*Additional counsel listed on signature page.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| TEKION CORP., <br><br> Plaintiff, <br><br> v. <br><br> CDK GLOBAL, LLC, <br><br> Defendant. | Case No.: 3:24-cv-08879-JSC |
| CDK GLOBAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TEKION CORP. and INDESIGN DATA, LLC, <br><br> Defendants. | Case No.: 3:25-cv-01394-JSC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: February 4, 2026 <br> Time: 2:00 p.m. <br> Court: 8, 19th Floor (via Zoom) <br> Judge: Hon. Jacqueline Scott Corley <br> Trial Date: July 12, 2027 |

Pursuant to the Court's October 17, 2025, orders continuing the previously scheduled case management conference ("CMC") and requesting an updated joint statement in both *Tekion Corp. v. CDK Global, LLC*, No. 3:24-cv-08879-JSC ("*Tekion v. CDK*") (Dkt. 61) and in *CDK Global, LLC v. Tekion Corp. & InDesign Data, LLC*, No. 3:25-cv-01394-JSC ("*CDK. v. Tekion & InDesign*") (Dkt. 109) (together, the "Related Cases"), and in advance of the CMC set by the Court for February 4, 2026, at 2:00 p.m., the parties in the above-captioned actions (the "Parties") respectfully submit this Joint Case Management Statement.

## I. SETTLEMENT AND ADR

To date, the Parties have not been able to resolve the litigation by settlement. The Parties participated in a mediation before the Honorable Vaughn Walker (Retired) on Wednesday, August 27, 2025. *Tekion v. CDK*, Dkt. 51; *CDK v. Tekion & InDesign*, Dkt. 88. The Parties were unable to resolve their claims at the mediation. Tekion and CDK continued to engage in multiple good faith efforts to explore the resolution of the litigation by settlement, but no settlement was reached. CDK believes that it has made substantial progress with Tekion on settlement, but one issue is preventing the parties from continuing meaningful discussions. InDesign remains open to resolution of the litigation by settlement.

## II. STATUS OF DISCOVERY

### a. Written and Document Discovery Between the Parties

#### i. Tekion and InDesign's Statement

Since the last case management statement, filed on October 15, 2025 (*Tekion v. CDK,* Dkt. No. 60; *CDK v. Tekion and InDesign,* Dkt. No. 108), the Parties have made meaningful progress in discovery. The Parties have exchanged initial custodian lists and served several requests for production, interrogatories, and requests for admission. The Parties have also met and conferred on discovery disputes and continue to negotiate over certain document requests and interrogatories. The Parties are also still negotiating the scope of documents that will be produced in the Related Actions.

Concurrently, Tekion and InDesign have also begun document productions. To date, Tekion has produced 19,691 pages of documents and InDesign has produced 696 pages of

documents, and CDK has produced 4,238 pages of documents. Tekion and InDesign anticipate substantial document production from the Parties as they continue to negotiate the scope of discovery with each other.

With respect to CDK's market share discovery requests, Tekion and InDesign have explained that certain interrogatories call for analyses that are properly the subject of expert discovery. Notwithstanding this, Tekion has already produced certain documents containing market share and competitive landscape information from publicly available resources, and is continuing to evaluate additional materials, including those produced by third parties. Tekion has agreed to supplement certain of its discovery responses. Similarly, InDesign has provided supplemental responses to the majority of the interrogatories CDK has identified as deficient.

CDK's assertion that Tekion has not produced any internal market share assessments is inaccurate. Tekion's productions include information underlying its preliminary market analysis, such as publicly available industry reports. Tekion has also produced the documents it produced in the Asbury litigation, as specifically requested by CDK and which are also responsive to many of CDK's discovery requests. As for organizational charts, CDK had not raised any alleged deficiencies before providing its current statement. Tekion believes that it has satisfied its production obligations on this Request but remains open to discussion with CDK if CDK disagrees.

On custodians, Tekion and CDK's discussions remain ongoing, with the parties next scheduled to discuss any issues on January 29, 2026. Tekion has agreed to certain additional custodians requested by CDK but disputes the relevance and proportionality of additional proposed custodians. Tekion has also identified additional CDK document custodians. Tekion remains committed to completing the custodian negotiations in good faith and resolving any remaining issues promptly via the Court's informal-discovery-conference process, if necessary. InDesign and CDK are in agreement on custodians at this time.

While the Parties have reached resolution on many written discovery disputes some targeted issues remain. Tekion and InDesign are prepared to raise any unresolved matters with the Court to ensure discovery continues to progress.

### ii. CDK's Statement

Formal discovery has been progressing steadily (albeit slowly) since June 26, 2025. After the June 26 hearing and Initial CMC, CDK served written discovery on July 18. Tekion and InDesign's written discovery requests followed on August 1 and 13, respectively. After the brief pause on discovery to accommodate settlement discussions, CDK and InDesign served discovery responses on September 12, and CDK and Tekion served discovery responses on October 3. CDK's and InDesign's first document productions followed on October 7. Tekion's first responsive production came on December 10.

To date, the Parties collectively have served 495 document requests and 86 interrogatories. In response to those requests, the Parties have produced a total of 3,568 documents, consisting of 24,625 pages, in ongoing, rolling productions of non-custodial documents. CDK is in the process of completing its Rule 33(d) document productions responsive to both Tekion's and InDesign's interrogatories as well as its non-custodial document productions relating to market share and other key issues and expects to complete that production prior to the CMC. Additionally, CDK and InDesign have resolved almost all disputes relating to their written discovery requests, and CDK expects that the parties will resolve most, if not all, outstanding issues without Court intervention in the near term. The story is different with Tekion, as detailed in this Statement.

The Parties' custodial productions also are progressing. Last fall, the Parties disclosed their proposed document custodians pursuant to ¶ 4.a of the ESI Order (*e.g.*, *Tekion v. CDK*, Dkt. 54). On December 9, 2025, CDK and InDesign reached agreement on both sides' requests for additional document custodians under ¶ 4.b of the ESI Order, which permits each party to request up to five additional document custodians. CDK will send InDesign and Tekion proposed search terms and hit counts on CDK custodians before the CMC. CDK and Tekion continue to meet and confer regarding CDK's requested Tekion document custodians in both cases. Although Tekion thus far has refused to add four of the additional document custodians CDK has requested, the parties are in the process of negotiating potential compromise solutions. If CDK and Tekion are unable to resolve this narrow, straightforward dispute before the February 4 CMC, CDK will be prepared to present the issue utilizing the Court's informal-discovery-conference procedure. Civ. Standing

Order ¶ F.1. To expedite resolution, CDK will also be prepared to discuss the document custodian issue with the Court at the CMC.

Despite the headway the Parties have made so far on discovery, immediate progress is required on three key issues. *First*, Tekion's responses to CDK's first set of interrogatories, which CDK served on July 18, 2025, are deficient. CDK's interrogatories sought, among other things, basic data and information on market share and additional detail on CDK's supposed delays in providing customer data to dealers switching their DMS from CDK to Tekion. Tekion initially refused to answer these straight-forward interrogatories about the core allegations Tekion has made—including (1) Tekion's unsubstantiated and unsustainable allegation in its Complaint at ¶¶ 2, 30, 54, 67 that CDK possesses 60% of the franchise DMS market share by revenue (or by any other metric); and (2) the number of days it claims CDK's conduct delayed specific data transfers cited in its Complaint at ¶¶ 40, 42, 43, 52, 53, 55, 72, 75. Although Tekion agreed more than a month ago to investigate these deficiencies and supplement its interrogatory responses, Tekion has yet to do so.

*Second*, Tekion has yet to produce **_any_** documents concerning its internal assessment of market share and competition in the DMS market and Tekion's assessment of the relative market share of DMS industry participants in response to CDK's July 18, 2025 requests for production. Instead, Tekion's production to date consists of: (a) the 11 documents it produced during the preliminary injunction proceedings last summer, (b) its cross-production of documents produced in the *Asbury* litigation in state court in Georgia, (c) some of the organizational charts it has promised in response to CDK's requests, and (d) publicly available news articles and financial statements. CDK has followed up on Tekion's failure to produce anything other than what is described above, and counsel have engaged in multiple meet and confers. But Tekion thus far has not provided this centrally relevant discovery—which should be easy for Tekion to locate and produce.

*Finally*, while substantially better progress has occurred with InDesign than with Tekion in terms of its discovery responses and document production, it took CDK sending a draft of this Case Management Statement, which identified significant discovery delays on InDesign's part to supplement interrogatory responses, for InDesign to actually deliver long-promised supplemental

responses. On October 17, 2025, CDK served interrogatories seeking the factual basis for InDesign's allegations, including (1) that CDK has a 60 percent share of the DMS market, by revenue (Counterclaims ¶ 95); and (2) that CDK has caused InDesign millions of dollars in lost profits (Counterclaims ¶¶ 145-147, 185-187). On November 24, 2025, InDesign promised to supplement their deficient responses, but only served the supplemental responses on January 27, 2026, one day before this Statement was due. CDK is still evaluating InDesign's supplemental responses to assess whether they address the deficiencies identified in November.

*** 

The parties continue to meet and confer on these and other issues, and CDK has requested that the parties finalize the meet and confer efforts on all open discovery issues prior to the February 4 CMC. Once the meet and confers are concluded, CDK will bring any outstanding discovery disputes to the Court in the near term to ensure that the case remains on schedule, or if Tekion and InDesign agree, the parties can take these issues up at the CMC.

### b. Non-party Subpoenas

#### i. Tekion and InDesign's Statement

Tekion and CDK have each served non-party subpoenas for documents on several third parties, including dealerships and other DMS providers. In view of the August 27 mediation and the Parties' own discovery negotiations, many subpoenas were not served until shortly before the Thanksgiving holiday. As such, many recipients requested extensions due to Thanksgiving and the additional winter holidays, which Tekion and CDK agreed to.

Negotiations between Tekion, CDK, and some third parties are still ongoing. Other third parties have begun producing documents. Tekion is committed to minimizing the burden on third parties and has been negotiating to allow for reasonable extensions and to identify more specifically the types of documents it is seeking. Tekion anticipates that it may serve a few additional subpoenas but it aims to do so by early February.

### ii. CDK's Statement

As with party discovery, non-party discovery is well underway. Collectively, the Parties have served 58 non-party subpoenas, which largely consists of overlapping subpoenas to dealerships and other DMS providers.

On August 8, 2025, CDK served six subpoenas on Tekion's institutional investors. Tekion responded by serving CDK's parent company on August 13. Three months later, beginning on November 13, 2025, Tekion served its first subpoenas on third-party DMS providers. Days later, because CDK contemplates a narrower scope of relevant discovery from these parties and because CDK wanted to minimize any burden on third parties to the litigation, CDK issued several mirror-image subpoenas and requested that the parties jointly meet and confer. Tekion and CDK also have both subpoenaed third parties independently from one another, but have reached an agreement to meet and confer jointly when the parties' subpoenas overlap. The joint-conference process has worked well to streamline the issues and progress third-party discovery. To date, third parties have produced 26,246 documents in response to these subpoenas, and the parties continue to meet and confer with outstanding third parties on their anticipated responsive productions. At this point, CDK has met and conferred with nearly all subpoenaed third parties who have responded to date, and multiple responsive productions are due before the end of February, inclusive of extensions.

### c. Coordination of Discovery Across the Related Actions

To ensure efficiency in discovery across the Related Actions, the Parties have agreed to certain discovery limitations. The Parties submitted a Joint Stipulation and Proposed Order Regarding Coordination of Pre-Trial Proceedings in Related Actions on January 26, 2026. *Tekion v. CDK,* Dkt. No. 66; *CDK v. Tekion and InDesign,* Dkt. No. 117. The Court entered the Order on January 28, 2026.

### III. Motions

### a. Tekion and InDesign's Statement

There are no motions currently pending before the Court. Tekion and InDesign are aware of CDK's stated intention to pursue what it describes as an "early" summary judgment motion in *Tekion v. CDK* concerning market share. Tekion believes such a motion would be premature in

light of the current schedule, which provides for the close of fact discovery at the end of April 2026, and with third-party discovery and expert discovery still outstanding. Multiple third parties—whose documents bear directly on market share and competitive dynamics—have sought reasonable extensions for production over the holiday period, and their productions are still in process. Tekion will respond to any summary judgment motion as appropriate.

As previously stated, Tekion has already produced market share and competitive landscape materials from publicly available resources and is continuing to evaluate additional responsive materials, including analyses prepared by third parties. CDK's January 17, 2026, email was the first instance where CDK requested early production of market share information. Tekion disagrees that this is appropriate, particularly in view of the Case Schedule, which Tekion has been working to meet. In doing so, Tekion is continuing to identify and produce targeted custodial discovery to ensure that any alleged market share issues are addressed based on the full evidentiary record.

### b. CDK's Statement

There are no motions currently pending before the Court. As discussed during the June 26, 2025, Case Management Conference, CDK intends to move for early summary judgment in *Tekion v. CDK* on the ground that CDK's market share is insufficient for any claim under 15 U.S.C. § 2 in the dynamic and competitive DMS market. As outlined above, Tekion has yet to produce any substantive documents or information on the subject.

On January 17, 2026, CDK requested that Tekion produce its market share information—which CDK included in discovery requests served on July 18, 2025—on a non-custodial basis within a few weeks so CDK may file an early summary judgment motion on this issue. CDK agreed to produce its market share information on the same timeline. Tekion has not committed to produce the market share information as requested, and indeed has not responded to CDK's request. Instead, five days after CDK made its request, Tekion proposed for the first time a four-month continuance of the current pre-trial deadlines, which CDK opposes.

In its portion of this Case Management Statement, above, Tekion claims that CDK's January 17 email was "the first instance where CDK requested early production of market share

information." As explained above and further below, CDK has been pushing for this information since long before January 17.

### IV. Scheduling

#### a. Tekion and InDesign's Statement

On July 16, 2025, the Court entered a Scheduling Order (*Tekion v. CDK,* Dkt. No. 50; *CDK v. Tekion and InDesign,* Dkt. No. 87) setting a July 12, 2027, trial date and interim pretrial deadlines. Although the Parties have made meaningful progress in discovery, they have also been engaging in good-faith settlement discussions. By agreement, and to preserve judicial and party resources, the Parties delayed certain discovery pending their August 27, 2025 mediation.

Discovery resumed after mediation, but—as is typical in complex antitrust matters—involves document and data collection from multiple parties and negotiations over scope and search terms. The Parties have also engaged in multiple discussions and correspondence in attempts to narrow any disputes that are presented to the Court.

Many third parties—whose productions bear directly on key issues—requested reasonable extensions to comply with subpoenas, due at least in part to the intervening holiday period. *See supra* § II.b.i. This third-party discovery is ongoing, and in several cases involves competitive industry actors whose materials require careful review and possible confidentiality protections.

In light of these factors, Tekion and InDesign jointly proposed a modest extension of certain interim deadlines in the Scheduling Order—approximately four months (as set forth below)—to provide more flexibility to complete fact discovery (currently set to close in April 2026). While Tekion and InDesign believe the current schedule may still be achievable, they submit that the proposed extension is reasonable and proportionate to the case's complexity.

| Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Fact Discovery Cut-Off | April 27, 2026 | August 27, 2026 |
| Expert Witness Disclosures | June 11, 2026 | September 25, 2026 |
| Rebuttal Expert Witness Disclosures | July 13, 2026 | October 23, 2026 |

| | | |
|---|---|---|
| Reply Expert Witness Disclosures | August 12, 2026 | November 20, 2026 |
| Expert Discovery Cutoff | September 2, 2026 | January 22, 2027 |
| Last Day to File Dispositive Motions | October 2, 2026 | February 26, 2027 |
| Dispositive Motion Opposition Briefs Due | November 13, 2026 | March 26, 2027 |
| Dispositive Motion Reply Briefs Due | December 4, 2026 | April 16, 2027 |
| Deadline for Hearing Dispositive Motions | February 11, 2027 | To be determined by the Court |
| Pretrial Conference | June 24, 2027 at 2:00 p.m. | To be determined by the Court |
| Trial Begins (not to exceed 12 court days) | July 12, 2027 | To be determined by the Court |

When Tekion and InDesign sent their draft joint case management statement to CDK on January 22, 2026, they expressly noted their willingness to discuss the schedule with CDK. CDK chose instead to include an extended argument in its statement opposing any adjustment. Notably, CDK previously told InDesign that it would likely seek an extension of deadlines, making its current opposition to any modification at odds with its previous assertions.

Contrary to CDK's suggestion, Tekion and InDesign did not seek to remove pretrial or trial dates from the case schedule; the proposed entries of "To be determined by the Court" simply reflected that, if the Court agrees to alter interim deadlines, it could set corresponding hearing and trial dates consistent with its calendar.

Should the Court prefer to defer discussion of extensions until the next CMC, Tekion and InDesign will continue working to meet the current schedule in the interim and will be prepared to address the matter then.

### b. CDK's Statement

On January 22, 2026, five days after CDK alerted Tekion to its intent to file an early summary judgment motion and requested that Tekion complete its production of market share information, Tekion and InDesign sent CDK their draft joint case management statement. The draft statement and cover email proposed continuing the pre-trial deadlines by four months. This was the first time Tekion or InDesign raised with CDK any concern over the current schedule.

CDK objects to the proposed extension or any effort to take the trial date off calendar. The schedule gave all parties ample time to conduct discovery in this matter; the fact discovery period was 10 months. Instead, CDK proposes that the Parties continue to advance discovery on the current discovery schedule and reconvene with the Court for a further CMC in March, one month before the current fact discovery cut-off. If there are any pressing scheduling issues at that time, the Parties and Court can discuss the propriety of modifying the pre-trial schedule then. The Court's keeping the current discovery schedule at least for now will create a necessary sense of urgency to get as much discovery completed as quickly as possible.

To ensure compliance with the current schedule, the Parties should agree informally to interim deadlines, such as resolving (or declaring an impasse on) outstanding custodian disputes by February 3 and a global agreement on search terms by February 10. CDK is confident that the Parties can confer and agree on interim deadlines that will keep the case on track.

The requested extension is not appropriate. As outlined above, discovery has been progressing since its commencement last June, and there is sufficient time—three months—in the current fact discovery period for the Parties to complete discovery. Further, there is no agreement between the Parties to extend the schedule. Prior to Tekion's and InDesign's January 22 draft Case Management Statement, no party requested to extend the schedule. And CDK has never proposed an extension of the schedule.

The grounds for extension that Tekion and InDesign provide do not supply the "good cause" required to support their request. Fed. R. Civ. P 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see, e.g.*, *Dixon v. Cushman & Wakefield W., Inc.*, No. 18-CV-05813-JSC, 2020 WL 5993232, at *2 (N.D. Cal. Oct. 9, 2020) ("[T]he focus of the inquiry

is upon the moving party's reasons for seeking modification." (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992))).

*First*, Tekion and InDesign state that ongoing negotiations about the scope of document production warrant a four-month extension to the current schedule. *Supra* at 8. CDK disagrees. The Parties have plenty of time to complete such negotiations, and the only delays experienced thus far are of Tekion's and InDesign's own making. Tekion and InDesign therefore cannot satisfy the diligence showing required to support modification of the scheduling order. *In re ARRIS Cable Modem Consumer Litig.*, No. 17-CV-01834-LHK, 2019 WL 4242666, at *3 ("The 'good cause' standard 'primarily considers the diligence of the party seeking the amendment. If that party was not diligent, the inquiry should end.'" (citation omitted) (quoting *Johnson*, 975 F.2d at 609)).

As discussed above, Tekion and InDesign have not provided any substantive information or documents about basic facts that are central to their own allegations. Further, Tekion frequently takes **several weeks** to respond to CDK's requests for Tekion's positions on outstanding discovery requests and other straightforward requests for follow-up information. For example, it has been **well over a month** since CDK asked Tekion whether it possesses basic financial data stored in an excel-like format, and Tekion still has not responded. Most recently, it took Tekion **seven weeks**, from December 3 to January 23, to respond to CDK regarding Tekion's position on document requests CDK served on July 18, 2025. CDK similarly waited for **over two months** for InDesign to supplement its interrogatory responses (which CDK served on October 17, 2025). InDesign promised these supplemental responses on November 24, 2025, and finally served them on January 27, after CDK pointed out the delay in its first draft of this Case Management Statement. Delaying the close of discovery will only encourage Tekion and InDesign to continue to slow-roll the discovery process.

District courts in this Circuit have deemed even one-month delays "excessive." *Hawecker v. Sorenson*, No. 1:10-CV-00085-AWI, 2012 WL 1910043, at *3 & n.3 (E.D. Cal. May 25, 2012) (denying motion to amend scheduling order where plaintiff "waited nearly a month" after defendant's failure to respond to discovery to move to amend to the scheduling order). Tekion's

and InDesign's discovery delays, which extend well beyond a month, belie any claim of diligence. They therefore cannot establish good cause to modify the current schedule.

*Second*, Tekion and InDesign also claim an extension is necessary due to ongoing third-party discovery negotiations, including requested extensions to comply with the subpoenas. *Supra* at 8. CDK disagrees. As an initial matter, Tekion waited until November 13, 2025 to serve third-party subpoenas on DMS competitors. But even with this delay, all third parties' responses to outstanding subpoenas are due by the end of February, inclusive of extended deadlines, and several third parties already have made responsive productions. In any event, the fact discovery cut-off is not for three more months, which is more than enough time for the Parties to finalize third-party subpoena negotiations and for the third-party recipients to complete their responsive productions.

Tekion and InDesign have not demonstrated good cause to support the four-month extension to the pre-trial deadlines they request. Indeed, any delays in discovery's progression are due to Tekion's and InDesign's choice to conduct discovery at their own chosen pace. The Court should not reward Tekion and InDesign for their lack of diligence with a four-month pre-trial schedule extension. Further, the current schedule gives the Parties sufficient time to complete discovery timely, and it is premature to continue pre-trial deadlines at this time.

To the extent the Parties have concerns about completing discovery at the next CMC—which CDK proposes to occur within 60 days—they can discuss the schedule with the Court then. For example, if it appears in March that the Parties are pressed for time to complete document and deposition discovery by April 27, CDK likely would not object to a modest extension of the fact discovery cut-off to conduct out-of-time depositions. Indeed, the current expert disclosure deadline of June 11—over six weeks after the close of fact discovery—provides a cushion for precisely that sort of limited, narrowly tailored extension.

*Finally*, Tekion and InDesign's proposed amended schedule does not include any dates for the dispositive motions hearing, the final pre-trial conference, or trial. That is improper. For one, Tekion and InDesign have put forth no good cause for taking these dates off calendar. Moreover, a schedule that includes those dates provides predictability and keeps the Parties on track and advancing the case.

| | |
|---|---|
| Dated: January 28, 2026 | FENWICK & WEST LLP |
| | By: /s/ Tyler G. Newby |

Tyler G. Newby (CSB No. 205790)
tnewby@fenwick.com
Armen N. Nercessian (CSB No. 284906)
anercessian@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988.8500
Facsimile:    (650) 938.5200

Adam Gahtan (admitted *pro hac vice*)
agahtan@fenwick.com
Erica R. Sutter (CSB No. 309182)
esutter@fenwick.com
Cortnay-Beth Cymrot (admitted *pro hac vice*)
ccymrot@fenwick.com
FENWICK & WEST LLP
902 Broadway, Floor 18
New York, NY  10010-6035
Telephone:   212.430.2600

Janie Yoo-Scott (CSB No. 312715)
jyooscott@fenwick.com
Brittney Dimond (admitted *pro hac vice*)
bdimond@fenwick.com
FENWICK & WEST LLP
1155 F St NW, 12th Floor
Washington, DC  20004
Telephone:   202.970.3000

Attorneys for TEKION CORP.

| | |
|---|---|
| Dated: January 28, 2026 | SUSMAN GODFREY L.L.P. |
| | By: /s/ Vineet Bhatia |

VINEET BHATIA (admitted *pro hac vice*)
vbhatia@susmangodfrey.com
SHAWN RAYMOND (admitted *pro hac vice*)
sraymond@susmangodfrey.com
ROBERT SAFI (admitted *pro hac vice*)
rsafi@susmangodfrey.com
KATHERINE ROSE JAMES (admitted *pro hac vice*)
rjames@susmangodfrey.com

SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX  77002
Telephone:   (713) 651-9366
Facsimile:    (713) 654-6666

JESSE-JUSTIN CUEVAS (SBN 307611)
jcuevas@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Telephone:   (310) 789-3100
Facsimile:    (310) 789-3150

AMY B. GREGORY (admitted *pro hac vice*)
agregory@susmangodfrey.com
EVE LEVIN (admitted *pro hac vice*)
elevin@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West
50th Floor
New York, NY  10001
Telephone:   (212) 336-8330
Facsimile:    (212) 336-8340

RACHEL L. SCHALLER (admitted *pro hac vice*)
rachel.schaller@blankrome.com
BLANK ROME LLP
444 West Lake Street, Suite 1650
Chicago, IL  60606
Telephone:   (312) 776-2600
Facsimile:    (312) 776-2601

Attorneys for CDK Global, LLC

Dated:  January 28, 2026

WINSTON & STRAWN LLLP

By:    /s/ Joshua Hafenbrack

Joshua Hafenbrack (admitted *pro hac vice*)
jhafenbrack@winston.com
Benjamin Rudofsky (admitted *pro hac vice*)
brudofsky@winston.com
Jade Briana Baker (admitted *pro hac vice*)
jbbaker@winston.com
Sydney Hartman (admitted *pro hac vice*)
shartman@winston.com
Molly Rose Gibson (admitted *pro hac vice*)
mrgibson@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC  20036-3506
Telephone:   (202) 282-5017

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
WINSTON & STRAWN LLP
101 California Street, 21st Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for INDESIGN DATA, LLC

**Local Rule 5(i)(3) Attestation**

I attest that each of the other signatories of this document have concurred in the filing of the document.

Dated: January 28, 2026            FENWICK & WEST LLP

                                   By:   */s/ Erica R. Sutter*
                                         Erica R. Sutter