TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA  94111
Telephone:    415.875.2300
Facsimile:    415.281.1350

ADAM GAHTAN (*pro hac vice*)
agahtan@fenwick.com
KEVIN X. MCGANN (*pro hac vice*)
kmcgann@fenwick.com
NOAH SOLOWIEJCZYK (*pro hac vice*)
nsolowiejczyk@fenwick.com
ERICA R. SUTTER (CSB No. 309182)
esutter@fenwick.com
FENWICK & WEST LLP
902 Broadway, Floor 18
New York, NY  10010-6035
Telephone:    212.430.2600

*Attorneys for Plaintiff Tekion Corp.*

*Additional Counsel Listed on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TEKION CORP.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CDK GLOBAL, LLC,<br><br>　　　　　　Defendant. | Case No.: 3:24-cv-08879-JSC<br><br>**PLAINTIFF TEKION CORP.'S OPPOSITION TO DEFENDANT CDK GLOBAL, LLC'S MOTION TO STRIKE PORTIONS OF THE SUTTER DECLARATION**<br><br>Date: July 31, 2026<br>Time: 9:00 a.m.<br>Court: 8, 19th Floor<br>Judge: Honorable Jacqueline Scott Corley |

FENWICK & WEST LLP
ATTORNEYS AT LAW

**TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................. 1

II.   LEGAL STANDARD ............................................................................................ 1

III.   ARGUMENT ......................................................................................................... 2

    A.  The Sutter Declaration Satisfies Rule 56(d) and Should Not Be Struck ........................... 2

        1.      Paragraphs 42–52 Are Purely Factual Rule 56(d) Showings................................ 2

        2.      Paragraphs 3, 38–41, and 53 Are Factual Introductions or Required Relief Requests ................................................................................... 4

        3.      The Appropriate Remedy for Any Arguably Improper Content Is Disregard, Not Striking ..................................................................... 5

    B.  CDK's Cited Authorities Are Distinguishable.................................................................... 6

    C.  CDK's Motion Is Procedurally Deficient............................................................................ 7

IV.   CONCLUSION...................................................................................................... 7

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes,*
    323 F.3d 767 (9th Cir. 2003)............................................................................................. 6

*First Mercury Ins. Co. v. Great Divide Ins. Co.,*
    241 F. Supp. 3d 1028 (N.D. Cal. 2017) ........................................................... 2, 4, 5

*Flintkote Co. v. Gen. Accident Assurance Co.,*
    410 F. Supp. 2d 875 (N.D. Cal. 2006) ............................................................................ 5

*Freeman v. ABC Legal Servs. Inc.,*
    827 F. Supp. 2d 1065 (N.D. Cal. 2011) ......................................................................... 2

*Garrett v. City & Cnty. of S.F.,*
    818 F.2d 1515 (9th Cir. 1987)......................................................................................... 5

*Guifu Li v. A Perfect Day Franchise, Inc.,*
    281 F.R.D. 373 (N.D. Cal. 2012)................................................................................. 2, 6

*King County v. Rasmussen,*
    299 F.3d 1077 (9th Cir. 2002)...................................................................................... 4, 6

*Lira v. Cate,*
    No. C 00-0905 SI, 2010 WL 727979 (N.D. Cal. Feb. 26, 2010) ......................................... 5, 6

*Logtale, Ltd. v. IKOR, Inc.,*
    No. 11–cv–05452–EDL, 2015 WL 1299849 (N.D. Cal. Mar. 20, 2015) ........................ 3, 4, 6

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.,*
    210 F.3d 1099 (9th Cir. 2000)......................................................................................... 2

*Orsini v. O/S Seabrooke O.N.,*
    247 F.3d 953 (9th Cir. 2001)........................................................................................... 3

*Stevens v. CoreLogic, Inc.,*
    899 F.3d 666 (9th Cir. 2018)........................................................................................... 2

*Tobin v. City & Cnty. of S.F.,*
    No. 13-cv-01504-MEJ, 2016 WL 5791224 (N.D. Cal. Oct. 4, 2016)....................................... 5

*Universal Grading Serv. v. eBay, Inc.,*
    C–09–2755 RMW, 2011 WL 846060 (N.D. Cal. Mar. 8, 2011) ............................................ 6

FENWICK & WEST LLP
ATTORNEYS AT LAW

*Zoom Elec., Inc. v. Int'l Bhd. of Elec. Workers, Loc. 595,*
No. C 11–1699 CW, 2013 WL 192515 (N.D. Cal. Jan. 17, 2013) ......................................... 5

**Other Authorities**

Federal Rules of Civil Procedure Rule 56(d) .........................................................................*passim*

Local Rule 7-4(b) ............................................................................................................ 4

Local Rule 7-5(b) .................................................................................................*passim*

FENWICK & WEST LLP
ATTORNEYS AT LAW

## I.    INTRODUCTION

CDK Global, LLC ("CDK") moves to strike the very declaration that Rule 56(d) of the Federal Rules of Civil Procedure requires Tekion Corp. ("Tekion") to file. CDK filed its motion for partial summary judgment on April 24, 2026—two months before the close of fact discovery and nearly eight months before the close of expert discovery—while critical customer-level revenue data essential to Tekion's market-share analysis remained withheld by CDK and three non-party Dealer Management System ("DMS") providers. The Declaration of Erica R. Sutter filed in support of Tekion's Rule 56(d) motion (Dkt. 111 or the "Sutter Declaration") identifies the specific discovery Tekion needs, explains that the data exists, and demonstrates why it is essential to opposing CDK's market-power claims—precisely what Rule 56(d) demands.

CDK does not dispute that paragraphs 42–52 of the Sutter Declaration—the eleven paragraphs that form the factual core of Tekion's Rule 56(d) showing—contain no legal citations, no legal conclusions, and no argument. Rather than identifying any specific objectionable content in those eleven paragraphs, CDK seeks to strike all sixteen challenged paragraphs in a single sweeping motion based on legal citations appearing in only five of them (paragraphs 38–41 and 53). That approach finds no support in Local Rule 7-5(b) or any authority CDK cites.

CDK's true objective is not enforcement of Local Rule 7-5(b)—it is to suppress Tekion's Rule 56(d) showing and obtain additional summary judgment briefing pages through an unwarranted sur-reply. The Court should deny CDK's motion in its entirety. If the Court is inclined to act on any portion of the challenged paragraphs, the appropriate remedy is to disregard discrete legal citations in paragraphs 38–41 and 53 while preserving the factual content that Rule 56(d) requires. The Court should also deny CDK's alternative request for leave to file a ten-page response, which would amount to nothing more than a thinly veiled sur-reply.

## II.    LEGAL STANDARD

A Rule 56(d) declaration must describe what discovery is needed, the basis for believing the evidence exists, and why it is essential to the opposition—none of which constitutes prohibited "argument." Under Local Rule 7-5(b), declarations submitted with summary judgment papers "may

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

contain only facts . . . and must avoid conclusions and argument." N.D. Cal. L.R. 7-5(b). A declaration not in compliance with Local Rule 7-5(b) "may be stricken in whole or in part." *Id.* At the same time, Rule 56(d) of the Federal Rules of Civil Procedure independently requires a nonmovant to "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Moreover, where challenged content is arguably improper under Local Rule 7-5(b), the appropriate remedy is to "disregard" specific objectionable portions rather than to strike entire declarations or purely factual sections. *First Mercury Ins. Co. v. Great Divide Ins. Co.*, 241 F. Supp. 3d 1028, 1045 (N.D. Cal. 2017) (overruling party's objection to portion of a paragraph in a declaration that was not objectionable).

To satisfy Rule 56(d), a party opposing summary judgment must show "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (emphasis and citations omitted). A nonmovant must "have had sufficient time and opportunity for discovery before a moving party will be permitted to carry its initial burden of production." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1105–06 (9th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). Courts are "reluctant to deny Rule 56(d) requests," *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011), and "[i]t would be absurd to grant summary judgment where a party has withheld key evidence necessary for its opponent to establish its case." *Guifu Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 403 n.29 (N.D. Cal. 2012) (citation modified).

## III.   ARGUMENT

### A. The Sutter Declaration Paragraphs are Directed to Satisfying Rule 56(d), Do Not Run Afoul of Local Rule 7-5(b) and Should Not Be Struck

#### 1.   Paragraphs 42–52 Are Purely Factual Rule 56(d) Showings

CDK's motion targets sixteen paragraphs but fails to identify any legal citation, legal conclusion, or argument in eleven of them—paragraphs 42–52. That is because there are none. Paragraphs 42–48 are directed to satisfying *Stevens*'s first two prongs. They identify what data Tekion seeks: customer- and product-level revenue data from CDK, Reynolds and Reynolds

("Reynolds"), Dealertrack, Inc. ("Dealertrack"), and DealerBuilt, Inc. ("DealerBuilt"), including rooftop-level identifiers, monthly recurring revenue by product category, and contract information sufficient to distinguish core DMS revenue from layered-application revenue. Dkt. 111, ¶¶42–43. They also set forth the factual basis for believing that data exists: CDK's own productions include a November 2022 rooftop-level workbook capturing monthly recurring revenue by product category for CDK rooftops, a July 2024 workbook reporting SKU-level monthly recurring revenue for each dealership with an expiring contract, and a document showing dashboard titled "Account Revenue Dashboard" confirming that CDK tracks rooftop-level revenue data in the ordinary course. *Id.*, ¶¶12, 44–48. CDK has never disputed that the underlying raw data exists; it has objected only that producing it would be burdensome. *Id.* ¶47.

Paragraphs 49–52 are directed to satisfying *Stevens*'s third prong by explaining, in factual terms grounded in CDK's own produced documents, why aggregated revenue data is insufficient for market-share analysis. *Id.*, ¶¶49–52. DMS products are sold bundled with adjacent services; customer-level and product-level revenue data allows Tekion to assess allocation of bundled discounts and calculate market share on a consistent and comparable basis; and CDK's own internal documents acknowledge that DMS revenue is likely understated because CDK discounts it to sell layered applications. *Id.*, ¶¶49–52.

These paragraphs describe facts from the discovery record and counsel's personal knowledge of the case. Local Rule 7-5(b) provides no basis to strike them. None of these paragraphs offers conclusions, nor is any paragraph conclusory. The facts in paragraphs 42–52 are not conclusions because each is grounded in a source, whether the motion to compel non-party production, CDK's completed production, or CDK's admissions. *See* Dkt. 111, ¶¶42, 45, 47. Well-established Ninth Circuit law holds that an affidavit or declaration is not conclusory if "the facts set out in [the] affidavit are neither in the form of legal conclusions nor speculative, but are *material facts based on [the affiant's] personal recollection* of the events." *Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953, 960 n.4 (9th Cir. 2001) (emphasis added)). None of the facts in paragraphs 42–52 is speculative, and each fact is material to Tekion's Rule 56(d) arguments. Unlike *Logtale, Ltd. v.*

FENWICK & WEST LLP
ATTORNEYS AT LAW

*IKOR, Inc.*, No. 11–cv–05452–EDL, 2015 WL 1299849 (N.D. Cal. Mar. 20, 2015), which CDK cited, where the declaration contained many "assertions not within the declarant's personal knowledge," *Id.* at \*6 n.4, Ms. Sutter has personal knowledge of each fact in these paragraphs because she was involved in filing the motions to compel third-party data, serving the requests for production, and reviewing CDK's earlier productions. *See* Dkt. 111, ¶1.

### 2. Paragraphs 3, 38–41, and 53 Are Factual Introductions or Required Relief Requests and Should Not be Struck

Paragraph 3 is a one-paragraph introduction explaining the declaration's purpose. It identifies the discovery at issue and states the factual consequence of CDK's and the non-parties' refusals to produce it: that Tekion "cannot present facts essential to justify its opposition." Dkt. 111, ¶3. Rule 56(d) itself requires a declarant to state those reasons; a declaration that omitted them would fail to satisfy the rule. That paragraph 3 explains why the declaration was filed—and in doing so implies a legal consequence—does not render it "argument" under Local Rule 7-5(b). Even if the Court views the phrase "should be denied or continued" as arguably surplus, the appropriate remedy is to disregard those words, not to strike the paragraph. *First Mercury*, 241 F. Supp. 3d at 1045.

Paragraphs 38–41 quote Rule 56(d)'s text and summarize the legal standard the declaration must satisfy. They provide context for the factual showing in paragraphs 42–52 and introduce no legal argument that is absent from Tekion's opposition brief, which was filed within the 25-page limit of Local Rule 7-4(b). CDK's central case—*King County v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002)—involved parties who filed multiple over-length briefs and used declarations to introduce new substantive legal arguments not found anywhere in those briefs. That is not what happened here. Every legal principle in paragraphs 38–41 appears in Tekion's opposition brief; there is no "end-run" around any page limit.

Paragraph 53 states a factual predicate—pending motions to compel against Reynolds, Dealertrack, and DealerBuilt, and Tekion's impending request to compel CDK's compliance with RFP No. 203—and requests deferral of CDK's motion. Deferral is the relief Rule 56(d) expressly authorizes. Fed. R. Civ. P. 56(d)(1). The two citations in paragraph 53 support the unremarkable

FENWICK & WEST LLP
ATTORNEYS AT LAW

proposition that it is error to rule on summary judgment while related discovery motions are pending. *See Garrett v. City & Cnty. of S.F.*, 818 F.2d 1515, 1519 (9th Cir. 1987). If the Court views those citations as argumentative, it may disregard them while preserving the paragraph's factual content and Rule 56(d) relief request.

CDK misapplies the cases it cites and paints an incomplete picture of the prevailing practice in this district. For example, CDK's argument misapplies the *Lira* case it cites (Dkt. 130 at 3) because that court struck only two paragraphs of legal *opinion*, while it disregarded other paragraphs which it found contained legal *arguments*. *See Lira v. Cate*, No. C 00-0905 SI, 2010 WL 727979, at *4 n.5 (N.D. Cal. Feb. 26, 2010). Further, CDK's argument that courts in this District "regularly sustain evidentiary objections aimed at legal arguments contained in declarations," Dkt. 130 at 3 n.1, ignores that courts in this District, and other courts in this Circuit, also regularly disregard, rather than strike, non-compliant parts of a declaration. *See, e.g., Flintkote Co. v. Gen. Accident Assurance Co.*, 410 F. Supp. 2d 875, 885 (N.D. Cal. 2006) (court disregarded the parts of the declaration where the defendant argued that the plaintiff "has not met its burden on summary judgment" because it found "these statements have no significance").

Tekion offered to stipulate that the Court may, in its discretion, disregard paragraphs 38–41 and 53. CDK rejected that practical resolution. Tekion renews that offer: the Court should, at most, disregard legal citations in paragraphs 38–41 without striking the factual content.

### 3. The Appropriate Remedy for Any Arguably Improper Content Is Disregard, Not Striking

Even if discrete clauses in paragraphs 38–41 and 53 were found to cross from factual description into legal argument, the appropriate remedy under Local Rule 7-5(b) is to disregard those clauses—not to strike the entire paragraphs, and certainly not to eliminate paragraphs 42–52, which CDK has failed to show contain any improper content. Even the Northern District authority CDK itself cites—*First Mercury*, 241 F. Supp. 3d at 1045, *Tobin v. City & Cnty. of S.F.*, No. 13-cv-01504-MEJ, 2016 WL 5791224, at *6 n.6 (N.D. Cal. Oct. 4, 2016), and *Zoom Elec., Inc. v. Int'l Bhd. of Elec. Workers, Loc. 595*, No. C 11–1699 CW, 2013 WL 192515, at *4 (N.D. Cal. Jan. 17, 2013)—supports Tekion's position that courts disregarded specific objectionable statements rather

Tekion Corp.'s Opp. to CDK's    5    Case No.: 3:24-cv-08879-JSC
Mot. to Strike Portions of
Sutter Declaration

Fenwick & West LLP
Attorneys at Law

FENWICK & WEST LLP
ATTORNEYS AT LAW

than striking entire declarations or sections. CDK seeks a remedy that none of its own cases supports.

Granting CDK's motion as to paragraphs 42–52 would eliminate the factual Rule 56(d) showing that the Federal Rules require and deprive Tekion of the only procedural mechanism available to oppose a summary judgment motion filed before essential discovery has been completed. CDK has so far produced only aggregated monthly DMS revenue data while withholding the customer-level data sought by RFP No. 203 and now moves to strike Tekion's declaration explaining why that data is needed. Granting that relief would allow CDK to benefit from its own withholding of key evidence—an outcome the Court should decline. *See Guifu Li*, 281 F.R.D. at 403 n.29; *see also Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 773–74 (9th Cir. 2003) (court may deny or defer summary judgment where nonmovant cannot present essential facts).

**B. CDK's Cited Authorities Are Distinguishable**

*King County v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002), addressed parties who filed multiple over-length briefs and used declarations to introduce new substantive arguments not found anywhere in their briefs. Tekion's opposition brief was filed within the applicable page limit, and the legal framework in paragraphs 38–41 of the Sutter Declaration mirrors the Rule 56(d) standard set forth in that brief. *Rasmussen* supports CDK's motion only by ignoring the factual record that gave rise to it.

*Logtale, Ltd. v. IKOR, Inc.*, No. 11–cv–05452–EDL, 2015 WL 1299849, at *6 n.4 (N.D. Cal. Mar. 20, 2015), *Universal Grading Serv. v. eBay, Inc.*, C–09–2755 RMW, 2011 WL 846060, at *11 (N.D. Cal. Mar. 8, 2011), and *Lira v. Cate*, No. C 00-0905, 2010 WL 727979, at *4 n.5 (N.D. Cal. Feb. 26, 2010), all involved declarations containing numerous pages of unsolicited legal argument, legal opinions on the merits of disputed claims, and assertions outside the declarant's personal knowledge. None involved a declaration mandated by the Federal Rules themselves and filed by litigation counsel describing a factual history of discovery. Paragraphs 42–52 of the Sutter Declaration recount only facts—discovery requests served, documents produced, meet-and-confer

communications conducted, and motions filed—all within Ms. Sutter's personal knowledge. CDK's cases provide no support for striking factual paragraphs describing a litigation discovery record.

### C. CDK's Motion Is Procedurally Deficient

CDK's motion is overbroad, internally inconsistent, and unaccompanied by any showing of prejudice. Fundamentally, CDK identifies no legal citation, legal conclusion, or argument in paragraphs 42–52, yet it asks the Court to strike eleven paragraphs that CDK cannot characterize as argumentative in any specific way. All CDK's cases limit relief to specifically identified objectionable statements—not to paragraphs the movant cannot describe as containing improper content.

CDK cannot demonstrate prejudice. CDK filed a complete reply brief on the merits of Tekion's Rule 56(d) showing and was not denied any briefing space. CDK's alternative request for "leave to file a response of no more than 10 pages" is a transparent request for an unnecessary sur-reply. Nothing in Local Rule 7-5(b) or any authority CDK cites permits a sur-reply as a remedy for an allegedly argumentative declaration. That CDK framed this request as "in the alternative" does not make it less improper; it confirms CDK's objective is to obtain more briefing pages, not to enforce the Local Rules.

### IV. CONCLUSION

For the foregoing reasons, Tekion respectfully requests that the Court deny CDK's motion to strike in its entirety. Paragraph 3 is a factual introduction; paragraphs 42–52 are purely factual Rule 56(d) showings; and paragraph 53 is a Rule 56(d) relief request grounded in undisputed factual predicates. If the Court is inclined to act on any challenged paragraphs, Tekion requests that the Court disregard only the legal citations in paragraphs 38–41 and 53 while preserving the factual content of all challenged paragraphs. The Court should deny CDK's alternative request for leave to file a ten-page sur-reply, which finds no support in the Local Rules and would reward CDK's strategic overreach.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Dated: June 25, 2026

FENWICK & WEST LLP

By: */s/ Kevin X. McGann*

Tyler G. Newby (CSB No. 205790)
**FENWICK & WEST LLP**
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone:    415.875.2300
Facsimile:    415.281.1350
tnewby@fenwick.com

Adam Gahtan (*pro hac vice*)
Kevin X. McGann (*pro hac vice*)
Noah Solowiejczyk (*pro hac vice*)
Erica R. Sutter (CSB No. 309182)
**FENWICK & WEST LLP**
902 Broadway, Floor 18
New York, NY  10010-6035
Telephone:    212.430.2600
agahtan@fenwick.com
kmcgann@fenwick.com
nsolowiejczyk@fenwick.com
esutter@fenwick.com

Janie Yoo-Scott (CSB No. 312715)
Brittney Dimond (*pro hac vice*)
**FENWICK & WEST LLP**
1155 F Street NW, 12th Floor
Washington, DC  20004
Telephone:    202.970.3000
jyooscott@fenwick.com
bdimond@fenwick.com

*Attorneys for Plaintiff Tekion Corp.*

FENWICK & WEST LLP
ATTORNEYS AT LAW

TEKION CORP.'S OPP. TO CDK'S
MOT. TO STRIKE PORTIONS OF
SUTTER DECLARATION

8

Case No.: 3:24-cv-08879-JSC